Case No. 25-10679

---

# In the United States Court of Appeals
# For the Fifth Circuit

---

JEFFREY W. CARPENTER,

*Plaintiff–Appellee,*

v.

TWIN CITY FIRE INSURANCE COMPANY,

*Defendant–Appellant.*

---

On Appeal from the United States District Court
for the Northern District of Texas (No. 3:23-CV-769)

---

## RECORD EXCERPTS

---

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

STEVEN J. KNIGHT
Texas Bar No. 24012975
steven.knight@chamberlainlaw.com
CHRISTINE KIRCHNER
Texas Bar No. 00784403
christine.kirchner@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 658-1818

*Counsel for Defendant–Appellant*

ORAL ARGUMENT REQUESTED

TABLE OF CONTENTS

Tab 1:      Docket Sheet (ROA.25-10679.1)

Tab 2:      Notice of Appeal (ROA.25-10679.5530)

Tab 3:      Final Judgment (ROA.25-10679.5527)

Tab 4:      Interest Order (ROA.25-10679.5523)

Tab 5:      Memorandum Opinions and Orders (ROA.25-10679.3512 & 5476)

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY

By:   */s/ Steven J. Knight*
    STEVEN J. KNIGHT
    Texas Bar No. 24012975
    steven.knight@chamberlainlaw.com
    CHRISTIN KIRCHNER
    Texas Bar No. 00784403
    christine.kirchner@chamberlainlaw.com
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    (713) 658-1818

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to counsel of record by electronic service on October 16, 2025.

    */s/ Steven J. Knight*
    STEVEN J. KNIGHT

2

Tab 1

APPEAL,CLOSED,HORAN,JURY

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:23-cv-00769-N

| | |
|---|---|
| Carpenter v. Twin City Fire Insurance Company | Date Filed: 04/11/2023 |
| Assigned to: Chief District Judge David C Godbey | Date Terminated: 05/27/2025 |
| Case in other court:   USCA5, 25-10679 | Jury Demand: Plaintiff |
| Court at Law Number 3 Dallas County, Texas, CC2301483C | Nature of Suit: 110 Contract: Insurance |
| | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Insurance Contract | |

**Plaintiff**

**Jeffrey W Carpenter**                    represented by   **Amy E Gibson**
Gibson Wiley PLLC
1500 Jackson Street #109
Dallas, TX 75201
214-522-2121
Fax: 214-522-2126
Email: amy@gwfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David L Wiley**
Gibson Wiley PLLC
1500 Jackson Street
Suite 109
Dallas, TX 75201
214-522-2121
Fax: 214-522-2126
Email: david@gwfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Twin City Fire Insurance Company**         represented by   **Christine Kirchner**
Chamberlain Hrdlicka White Williams & Aughtry PC
1200 Smith Street, 14th Floor
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email: c.kirchner@chamberlainlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Michael Lemons**
Chamberlain Hrdlicka White Williams &
Aughtry
1200 Smith Street
14th Floor
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email: chris.lemons@chamberlainlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael Wayne Johnston**
Johnston Legal Group PC
1616 Wabash
Fort Worth, TX 76107
817-820-0825
Email: Johnston@johnstonlegalgroup.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Steven Jon Knight**
Chamberlain Hrdlicka White Williams &
Aughtry
1200 Smith Street, Suite 1400
Houston, TX 77002
713-658-1818
Fax: 713-658-2553
Email: steven.knight@chamberlainlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2023 | 1 (p.9) | NOTICE OF REMOVAL filed by Twin City Fire Insurance Company. (Filing fee $402; receipt number ATXNDC-13655445) In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.9) Exhibit(s) A, # 2 (p.50) Exhibit(s) B, # 3 (p.52) Exhibit(s) C, # 4 (p.54) Exhibit(s) D, # 5 (p.56) Exhibit(s) E, # 6 (p.58) Exhibit(s) F) (Kirchner, Christine) (Attachment 4 replaced to flatten PDF on 4/11/2023) (agc). Modified on 4/11/2023 (agc). (Entered: 04/11/2023) |
| 04/11/2023 | 2 (p.50) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Horan). Clerk to provide copy to plaintiff if not received electronically. (agc) |

| | | |
|---|---|---|
| | | (Entered: 04/11/2023) |
| 04/11/2023 | | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Twin City Fire Insurance Company.(See document 1 (p.9) -4 for image)(Clerk QC note: No affiliate entered in ECF). (agc) Modified on 4/11/2023 (agc). (Entered: 04/11/2023) |
| 04/11/2023 | 3 (p.52) | ORDER REQUIRING STATUS AND SCHEDULING CONFERENCE: The parties are directed to confer within 14 days of the date of this Order regarding the following matters, and report to the Court within 14 days after the conference the parties' position. (Ordered by Chief District Judge David C Godbey on 4/11/2023) (twd) (Entered: 04/11/2023) |
| 04/11/2023 | 4 (p.54) | NOTICE of Related Case filed by Jeffrey W Carpenter (Wiley, David) (Entered: 04/11/2023) |
| 04/12/2023 | 5 (p.56) | DEMAND for Trial by Jury by Jeffrey W Carpenter. (Wiley, David) (Entered: 04/12/2023) |
| 05/09/2023 | 6 (p.58) | NOTICE of Attorney Appearance by Christopher Michael Lemons on behalf of Twin City Fire Insurance Company. (Filer confirms contact info in ECF is current.) (Lemons, Christopher) (Entered: 05/09/2023) |
| 05/09/2023 | 7 (p.60) | Proposal for contents of scheduling and discovery order *[Joint Report on Status and Scheduling Conference]* by Jeffrey W Carpenter. (Gibson, Amy) (Entered: 05/09/2023) |
| 05/12/2023 | 8 (p.74) | NOTICE of Attorney Appearance by Michael Wayne Johnston on behalf of Twin City Fire Insurance Company. (Filer confirms contact info in ECF is current.) (Johnston, Michael) (Entered: 05/12/2023) |
| 05/17/2023 | 9 (p.76) | Unopposed MOTION for Leave to File First Amended Answer and Affirmative Defenses to Plaintiffs Original Petition filed by Twin City Fire Insurance Company. (Attachments: # 1 (p.9) Exhibit(s) A, # 2 (p.50) Exhibit(s) B) (Lemons, Christopher) Modified event on 5/19/2023 (sxf). (Entered: 05/17/2023) |
| 05/19/2023 | 10 (p.92) | SCHEDULING ORDER: This case is set for trial on 9/9/2024 before Chief District Judge David C Godbey. The setting is for a one week docket. (Ordered by Chief District Judge David C Godbey on 5/19/2023) (twd) (Entered: 05/19/2023) |
| 05/19/2023 | 11 | ELECTRONIC ORDER granting 9 (p.76) Motion for Extension of Time to File Answer. Clerk to file Amended Answer filed as Exhibit A. (Ordered by Chief District Judge David C Godbey on 5/19/2023) (chmb) (Entered: 05/19/2023) |
| 05/19/2023 | 12 (p.96) | Amended ANSWER to Complaint (Notice of Removal) filed by Twin City Fire Insurance Company. (sxf) (Entered: 05/19/2023) |
| 06/08/2023 | 13 (p.107) | MOTION to Stay *Discovery and Motion for Protection* filed by Twin City Fire Insurance Company (Lemons, Christopher) (Entered: 06/08/2023) |
| 06/08/2023 | 14 (p.109) | Brief/Memorandum in Support filed by Twin City Fire Insurance Company re 13 (p.107) MOTION to Stay *Discovery and Motion for Protection* (Lemons, Christopher) (Entered: 06/08/2023) |
| 06/08/2023 | 15 (p.124) | Appendix in Support filed by Twin City Fire Insurance Company re 13 (p.107) MOTION to Stay *Discovery and Motion for Protection*, 14 (p.109) Brief/Memorandum in Support of Motion (Lemons, Christopher) (Entered: |

| | | |
|---|---|---|
| | | 06/08/2023) |
| 06/09/2023 | 16 (p.372) | Unopposed MOTION for Leave to File to File Second Amended Answer *and Affirmative Defenses to Plaintiff's Original Petition* filed by Twin City Fire Insurance Company (Attachments: # 1 (p.9) Exhibit(s) A) (Knight, Steven) (Entered: 06/09/2023) |
| 06/09/2023 | 17 | ELECTRONIC ORDER granting 16 (p.372) Motion for Leave to File. (Clerk to file defendants second amended answer filed as Exhibit A.) (Ordered by Chief District Judge David C Godbey on 6/9/2023) (chmb) (Entered: 06/09/2023) |
| 06/09/2023 | 18 (p.387) | SECOND AMENDED ANSWER to Complaint (Notice of Removal) filed by Twin City Fire Insurance Company. (ndt) (Entered: 06/09/2023) |
| 06/28/2023 | 19 (p.398) | MOTION for Summary Judgment filed by Twin City Fire Insurance Company (Knight, Steven) (Entered: 06/28/2023) |
| 06/28/2023 | 20 (p.400) | Brief/Memorandum in Support filed by Twin City Fire Insurance Company re 19 (p.398) MOTION for Summary Judgment (Knight, Steven) (Entered: 06/28/2023) |
| 06/28/2023 | 21 (p.425) | Appendix in Support filed by Twin City Fire Insurance Company re 19 (p.398) MOTION for Summary Judgment , 20 (p.400) Brief/Memorandum in Support of Motion (Knight, Steven) (Entered: 06/28/2023) |
| 06/29/2023 | 22 (p.697) | RESPONSE filed by Jeffrey W Carpenter re: 13 (p.107) MOTION to Stay *Discovery and Motion for Protection* (Wiley, David) (Entered: 06/29/2023) |
| 06/29/2023 | 23 (p.731) | Appendix in Support filed by Jeffrey W Carpenter re 22 (p.697) Response/Objection *to Defendants Motion to Stay Discovery and for Protection* (Wiley, David) (Entered: 06/29/2023) |
| 07/13/2023 | 24 (p.1023) | REPLY filed by Twin City Fire Insurance Company re: 13 (p.107) MOTION to Stay *Discovery and Motion for Protection* (Knight, Steven) (Entered: 07/13/2023) |
| 07/13/2023 | 25 (p.1036) | Supplemental Appendix in Support filed by Twin City Fire Insurance Company re 24 (p.1023) Reply *Brief in Support of its Motion to Stay Discovery and Motion for Protection* (Knight, Steven) (Entered: 07/13/2023) |
| 07/17/2023 | 26 (p.1045) | MOTION for Extension of Time to File Response/Reply to 19 (p.398) MOTION for Summary Judgment , 21 (p.425) Appendix in Support, 20 (p.400) Brief/Memorandum in Support of Motion filed by Jeffrey W Carpenter (Gibson, Amy) (Entered: 07/17/2023) |
| 07/17/2023 | 27 | ELECTRONIC ORDER granting 26 (p.1045) Motion to Extend Time to File Response/Reply. Plaintiffs response to the motion for summary judgment is due August 2, 2023; defendants reply is due August 18, 2023. (Ordered by Chief District Judge David C Godbey on 7/17/2023) (chmb) (Entered: 07/17/2023) |
| 08/02/2023 | 28 (p.1049) | RESPONSE filed by Jeffrey W Carpenter re: 19 (p.398) MOTION for Summary Judgment (Gibson, Amy) (Entered: 08/02/2023) |
| 08/02/2023 | 29 (p.1052) | Appendix in Support filed by Jeffrey W Carpenter re 28 (p.1049) Response/Objection *[Appendix in Support of Plaintiff Jeff Carpenter's Response to Defendant's Motion for Summary Judgment]* (Gibson, Amy) (Entered: 08/02/2023) |
| 08/03/2023 | 30 (p.3011) | Brief/Memorandum in Support filed by Jeffrey W Carpenter re 28 (p.1049) Response/Objection *[Brief in Support of Plaintiff Jeff Carpenter's Response to* |

| | | |
|---|---|---|
| | | *Defendant's Motion for Summary Judgment]* (Gibson, Amy) (Entered: 08/03/2023) |
| 08/16/2023 | 31 (p.3072) | MOTION for Extension of Time to File Response/Reply to 29 (p.1052) Appendix in Support, 28 (p.1049) Response/Objection, 30 (p.3011) Brief/Memorandum in Support of Motion filed by Twin City Fire Insurance Company (Knight, Steven) (Entered: 08/16/2023) |
| 08/16/2023 | 32 | ELECTRONIC ORDER granting 31 (p.3072) Motion to Extend Time to File Reply. Defendants reply to its motion for summary judgment is due August 31, 2023. (Ordered by Chief District Judge David C Godbey on 8/16/2023) (chmb) (Entered: 08/16/2023) |
| 08/30/2023 | 33 (p.3075) | REPLY filed by Twin City Fire Insurance Company re: 19 (p.398) MOTION for Summary Judgment (Knight, Steven) (Entered: 08/30/2023) |
| 09/27/2023 | 34 (p.3099) | MOTION to Dismiss *under Rule 12(b)(1) of the Federal Rules of Civil Procedure* filed by Twin City Fire Insurance Company (Knight, Steven) (Entered: 09/27/2023) |
| 09/27/2023 | 35 (p.3101) | Brief/Memorandum in Support filed by Twin City Fire Insurance Company re 34 (p.3099) MOTION to Dismiss *under Rule 12(b)(1) of the Federal Rules of Civil Procedure* (Knight, Steven) (Entered: 09/27/2023) |
| 10/03/2023 | 36 (p.3111) | MOTION for Protective Order filed by Twin City Fire Insurance Company (Knight, Steven) (Entered: 10/03/2023) |
| 10/03/2023 | 37 (p.3113) | Brief/Memorandum in Support filed by Twin City Fire Insurance Company re 36 (p.3111) MOTION for Protective Order (Knight, Steven) (Entered: 10/03/2023) |
| 10/03/2023 | 38 (p.3123) | Appendix in Support filed by Twin City Fire Insurance Company re 36 (p.3111) MOTION for Protective Order , 37 (p.3113) Brief/Memorandum in Support of Motion (Knight, Steven) (Entered: 10/03/2023) |
| 10/18/2023 | 39 (p.3146) | RESPONSE filed by Jeffrey W Carpenter re: 34 (p.3099) MOTION to Dismiss *under Rule 12(b)(1) of the Federal Rules of Civil Procedure* (Gibson, Amy) (Entered: 10/18/2023) |
| 10/18/2023 | 40 (p.3175) | Appendix in Support filed by Jeffrey W Carpenter re 39 (p.3146) Response/Objection *[Appendix in Support of Jeff Carpenter's Response to Defendant's Motion to Dismiss]* (Gibson, Amy) (Entered: 10/18/2023) |
| 10/24/2023 | 41 (p.3392) | RESPONSE filed by Jeffrey W Carpenter re: 36 (p.3111) MOTION for Protective Order (Wiley, David) (Entered: 10/24/2023) |
| 10/24/2023 | 42 (p.3414) | Appendix in Support filed by Jeffrey W Carpenter re 41 (p.3392) Response/Objection *to Defendant's Motion for Protection* (Wiley, David) (Entered: 10/24/2023) |
| 11/01/2023 | 43 (p.3429) | MOTION for Extension of Time to File Response/Reply to 35 (p.3101) Brief/Memorandum in Support of Motion, 34 (p.3099) MOTION to Dismiss *under Rule 12(b)(1) of the Federal Rules of Civil Procedure* filed by Twin City Fire Insurance Company (Knight, Steven) (Entered: 11/01/2023) |
| 11/01/2023 | 44 | ELECTRONIC ORDER granting 43 (p.3429) Motion to Extend Time to File Reply. Twin City Fire Insurance Companys reply brief to its motion to dismiss is due November 13, 2023. (Ordered by Chief District Judge David C Godbey on 11/1/2023) (chmb) (Entered: 11/01/2023) |

| 11/07/2023 | 45 (p.3432) | MOTION for Extension of Time to File Response/Reply to 36 (p.3111) MOTION for Protective Order , 37 (p.3113) Brief/Memorandum in Support of Motion filed by Twin City Fire Insurance Company (Knight, Steven) (Entered: 11/07/2023) |
| 11/07/2023 | 46 | ELECTRONIC ORDER granting 45 (p.3432) Motion to Extend Time to File Reply. Defendants reply to its motion for protection 36 (p.3111) and 37 (p.3113) is due November 14, 2023. (Ordered by Chief District Judge David C Godbey on 11/7/2023) (chmb) (Entered: 11/07/2023) |
| 11/13/2023 | 47 (p.3435) | REPLY filed by Twin City Fire Insurance Company re: 34 (p.3099) MOTION to Dismiss *under Rule 12(b)(1) of the Federal Rules of Civil Procedure* (Knight, Steven) (Entered: 11/13/2023) |
| 11/14/2023 | 48 (p.3447) | REPLY filed by Twin City Fire Insurance Company re: 36 (p.3111) MOTION for Protective Order (Knight, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | 49 (p.3457) | Appendix in Support filed by Twin City Fire Insurance Company re 48 (p.3447) Reply, 36 (p.3111) MOTION for Protective Order , 37 (p.3113) Brief/Memorandum in Support of Motion *Supplemental Appendix* (Knight, Steven) (Entered: 11/14/2023) |
| 02/02/2024 | 50 (p.3503) | MEMORANDUM OPINION AND ORDER granting 34 (p.3099) Partial Motion to Dismiss. Carpenter's claims for punitive damages and injunctive relief are dismissed with prejudice. Carpenter's claim for breach of the Stowers duty remains viable. (Ordered by Chief District Judge David C Godbey on 2/2/2024) (axm) (Entered: 02/06/2024) |
| 03/04/2024 | 51 (p.3512) | MEMORANDUM OPINION AND ORDER denying 19 (p.398) Motion for Summary Judgment. (Ordered by Chief District Judge David C Godbey on 3/4/2024) (kcr) (Entered: 03/05/2024) |
| 03/04/2024 | 52 (p.3522) | MEMORANDUM OPINION AND ORDER granting in part and denying in part 13 (p.107) Motion to Stay and Motion for a Protective Order Against Discovery. (Ordered by Chief District Judge David C Godbey on 3/4/2024) (kcr) (Entered: 03/05/2024) |
| 05/02/2024 | 53 | ELECTRONIC ORDER finding as moot 36 (p.3111) Motion for Protective Order per counsel. (Ordered by Chief District Judge David C Godbey on 5/2/2024) (chmb) (Entered: 05/02/2024) |
| 05/07/2024 | 54 (p.3533) | STIPULATION by Jeffrey W Carpenter. (Wiley, David) (Entered: 05/07/2024) |
| 07/12/2024 | 55 (p.3548) | MOTION for Summary Judgment filed by Jeffrey W Carpenter (Gibson, Amy) (Entered: 07/12/2024) |
| 07/12/2024 | 56 (p.3551) | Brief/Memorandum in Support filed by Jeffrey W Carpenter re 55 (p.3548) MOTION for Summary Judgment (Gibson, Amy) (Entered: 07/12/2024) |
| 07/12/2024 | 57 (p.3590) | Appendix in Support filed by Jeffrey W Carpenter re 56 (p.3551) Brief/Memorandum in Support of Motion, 55 (p.3548) MOTION for Summary Judgment (Attachments: # 1 (p.9) Additional Page(s) Appendix Exhibits 13-14) (Gibson, Amy) (Entered: 07/12/2024) |
| 07/15/2024 | 58 (p.5146) | NOTICE of *Procedural Status and Agreed Extension of Dispositive Motions Deadline* re: 10 (p.92) Scheduling Order, 55 (p.3548) MOTION for Summary Judgment filed by Jeffrey W Carpenter (Gibson, Amy) (Entered: 07/15/2024) |

| 07/19/2024 | 59 (p.5150) | Joint Agreed MOTION for Telephone Status Conference to Discuss Potential Stay and Briefing Schedule filed by Jeffrey W Carpenter (Wiley, David) Modified text on 7/19/2024 (ykp). (Entered: 07/19/2024) |
|---|---|---|
| 07/22/2024 | 60 | ELECTRONIC ORDER granting 59 (p.5150) Motion for Hearing. The Court will hold a status conference call in this case on Tuesday, July 30, 2024 at 3:00 p.m. Call-in instructions will be emailed to the parties. (Ordered by Chief District Judge David C Godbey on 7/22/2024) (chmb) (Entered: 07/22/2024) |
| 07/31/2024 | 61 | ELECTRONIC Minute Entry for proceedings held before Chief District Judge David C Godbey: Status Conference held on 7/31/2024. Attorney Appearances: Plaintiff - Amy Gibson; Defense - Steven Knight. (Court Reporter: Jeff Foster) (No exhibits) Time in Court - :10. (chmb) (Entered: 07/31/2024) |
| 08/12/2024 | 62 (p.5152) | AGREED ORDER STAYING CASE AND SETTING BRIEFING SCHEDULE Responses due by 10/31/2024. Replies due by 11/19/2024. re: 55 (p.3548) MOTION for Summary Judgment. (Ordered by Chief District Judge David C Godbey on 8/12/2024) (kcr) (Entered: 08/12/2024) |
| 10/31/2024 | 63 (p.5154) | RESPONSE filed by Twin City Fire Insurance Company re: 55 (p.3548) MOTION for Summary Judgment (Knight, Steven) (Entered: 10/31/2024) |
| 10/31/2024 | 64 (p.5156) | Brief/Memorandum in Support filed by Twin City Fire Insurance Company re 55 (p.3548) MOTION for Summary Judgment (Knight, Steven) (Entered: 10/31/2024) |
| 10/31/2024 | 65 (p.5193) | Appendix in Support filed by Twin City Fire Insurance Company re 55 (p.3548) MOTION for Summary Judgment (Knight, Steven) (Entered: 10/31/2024) |
| 11/19/2024 | 66 (p.5465) | REPLY filed by Jeffrey W Carpenter re: 55 (p.3548) MOTION for Summary Judgment (Gibson, Amy) (Entered: 11/19/2024) |
| 04/22/2025 | 67 (p.5476) | MEMORANDUM OPINION AND ORDER granting plaintiff Jeffrey W. Carpenter's 55 (p.3548) motion for summary judgment: In accordance with their stipulation, the parties are ordered to submit a joint proposed final judgment within twenty-one (21) days of this Order. If the parties cannot agree on the form of a final judgment, they should each submit a proposal by this same deadline. (Ordered by Chief District Judge David C Godbey on 4/22/2025) (twd) (Entered: 04/22/2025) |
| 05/13/2025 | 68 (p.5485) | NOTICE of *plaintiff's proposed final judgment as required* re: 67 (p.5476) Memorandum Opinion and Order, filed by Jeffrey W Carpenter (Wiley, David) (Entered: 05/13/2025) |
| 05/13/2025 | 69 (p.5489) | Brief/Memorandum in Support filed by Jeffrey W Carpenter re 68 (p.5485) Notice (Other) *BRIEF SUPPORTING PLAINTIFF JEFF CARPENTERS PROPOSED FINAL JUDGMENT: POST-JUDGMENT INTEREST* (Wiley, David) (Entered: 05/13/2025) |
| 05/13/2025 | 70 (p.5491) | MOTION for Judgment filed by Twin City Fire Insurance Company (Attachments: # 1 (p.9) Exhibit(s) 1, # 2 (p.50) Exhibit(s) 2) (Lemons, Christopher) (Entered: 05/13/2025) |
| 05/14/2025 | 71 (p.5503) | RESPONSE filed by Jeffrey W Carpenter re: 70 (p.5491) MOTION for Judgment (Wiley, David) (Entered: 05/14/2025) |
| 05/14/2025 | 72 (p.5507) | Appendix in Support filed by Jeffrey W Carpenter re 71 (p.5503) Response/Objection (Wiley, David) (Entered: 05/14/2025) |

| 05/27/2025 | 73 (p.5523) | ORDER: This Order addresses Defendant Twin City Fire Insurance Co.'s motion for judgment 70 (p.5491) . Reviewing the parties' submissions, the Court agrees with Plaintiff Jeffrey W. Carpenter that postjudgment interest should apply to the entire amount of the judgment. Thus, the Court will enter final judgment consistent with Carpenter's proposal. (Ordered by Chief District Judge David C Godbey on 5/27/2025) (ndt) (Entered: 05/28/2025) |
|---|---|---|
| 05/27/2025 | 74 (p.5527) | FINAL JUDGMENT. (Ordered by Chief District Judge David C Godbey on 5/27/2025) (ndt) (Entered: 05/28/2025) |
| 05/29/2025 | 75 (p.5530) | NOTICE OF APPEAL as to 73 (p.5523) Order on Motion for Judgment, 51 (p.3512) Memorandum Opinion and Order, 74 (p.5527) Judgment, 67 (p.5476) Memorandum Opinion and Order, to the Fifth Circuit by Twin City Fire Insurance Company. Filing fee $605, receipt number ATXNDC-15536041. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Knight, Steven) (Entered: 05/29/2025) |
| 06/06/2025 | | USCA Case Number 25-10679 in USCA5 for 75 (p.5530) Notice of Appeal filed by Twin City Fire Insurance Company. (axm) (Entered: 06/06/2025) |
| 06/11/2025 | 76 (p.5532) | Transcript Order Form: re 75 (p.5530) Notice of Appeal, transcript requested by Twin City Fire Insurance Company for Status Conference held on 7/31/24 (Court Reporter: Jeff Foster.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Knight, Steven) (Entered: 06/11/2025) |
| 07/02/2025 | 77 (p.5533) | Notice of Filing of Official Electronic Transcript of Status Conference Proceedings held on 7/31/2024 before Judge Godbey. Court Reporter/Transcriber Jeff Foster, Telephone number 2147532349. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (9 pages) Redaction Request due 7/23/2025. Redacted Transcript Deadline set for 8/4/2025. Release of Transcript Restriction set for 9/30/2025. (jlf) (Entered: 07/02/2025) |

Tab 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY W. CARPENTER,           §
                                §
            *Plaintiff,*         §
                                §
v.                              §        Case No.: 3:23-CV-00769-N
                                §
TWIN CITY FIRE IN SURANCE       §
COMPANY,                        §
                                §
            *Defendant.*         §

---

## DEFENDANT'S NOTICE OF APPEAL

---

TO THE UNITED STATES DISTRICT COURT:

Defendant Twin City Fire Insurance Company gives notice that it appeals to the United States Court of Appeals for the Fifth Circuit the following orders of the District Court: (i) Memorandum Opinion and Order entered on March 5, 2024, denying Twin City's motion for summary judgment (Doc. No. 51); (ii) Memorandum Opinion and Order entered on April 22, 2025, granting Plaintiff Jeffrey Carpenter's cross-motion for summary judgment (Doc. No. 67); (iii) Order entered on May 27, 2025 (Doc. No. 73); and (iv) Final Judgment entered on May 27, 2025 (Doc. No. 74).

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.

By:   /s/ Steven J. Knight
    STEVEN J. KNIGHT
    Texas Bar No. 24012975
    steven.knight@chamberlainlaw.com
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    (713) 654-9603

*Counsel for Twin City Fire Insurance Company*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing notice of appeal has been served upon all counsel of record via the Court's electronic service system on May 29, 2025.

    */s/ Steven J. Knight*
    STEVEN J. KNIGHT

Tab 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY W. CARPENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00769-N |
| | § | |
| TWIN CITY FIRE INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

**FINAL JUDGMENT**

By separate Memorandum Opinion and Order dated Feb. 2, 2024, the Court granted Defendant Twin City Fire Insurance Co.'s ("Twin City") partial motion to dismiss and dismissed Plaintiff Jeffrey W. Carpenter's claims for punitive damages and injunctive relief with prejudice. By further Memorandum Opinion and Order dated Apr. 22, 2025, the Court granted Carpenter's motion for summary judgment on his remaining *Stowers* claim. It is, therefore, ordered that Carpenter take nothing on his claims for punitive damages and injunctive relief. It is further ordered that:

1. Twin City is jointly and severally liable with Brian Potashnik, Southwest Housing Development Company, Inc., Southwest Housing Management Corporation, Inc. a/k/a and d/b/a Southwest Housing Management Company, Inc., and Affordable Housing Construction, Inc., for payment of the underlying state court judgment [ECF No. 54, pp. 5–12, PageID 3531–38] ("Prior Judgment") to Carpenter.

2. Specifically, Carpenter shall have and recover from Twin City:

FINAL JUDGMENT – PAGE 1

    a. $928,020.76, which was the amount of actual damages in the Prior Judgment;

    b. prejudgment interest on that $928,020.76 at the rate of 5.25% per annum simple interest from March 11, 2008, through December 16, 2018 [through the day before the date of the Prior Judgment];

    c. $820,818.00, which was the amount of reasonable attorneys' fees in the Prior Judgment through December 16, 2018 [through the day before the date of the Prior Judgment];

    d. costs of court granted in the Prior Judgment;

    e. postjudgment interest on all the above amounts (a)–(d) at the rate of 5.25% per annum, compounded annually, from December 17, 2018 [the date of the Prior Judgment];

        (1) through March 18, 2021, which is the day before the supersedeas bond amount of $214,625.00 was paid on March 19, 2021;

        (2) and continuing starting March 19, 2021, on the unpaid remainder after credit for the bond amount until the date the Prior Judgment is satisfied; and

    f. $128,700.00, representing the amount of then-conditional reasonable appellate attorneys' fees granted in the Prior Judgment and that were since earned.

3. Carpenter shall also have and recover from Twin City:

    a. costs of court for proceedings in this federal action; and

    b. postjudgment interest on all the above amounts 2(a)–(f) and 3(a), at the rate of 4.12% per annum, compounded annually from the date of this final judgment until paid in full.

All relief not expressly granted is denied. This is a final judgment.

FINAL JUDGMENT – PAGE 2

Signed May 27, 2025.

David C. Godbey
Chief United States District Judge

FINAL JUDGMENT – PAGE 3

Tab 4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY W. CARPENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00769-N |
| | § | |
| TWIN CITY FIRE INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

### ORDER

This Order addresses Defendant Twin City Fire Insurance Co.'s motion for judgment [70]. Reviewing the parties' submissions, the Court agrees with Plaintiff Jeffrey W. Carpenter that postjudgment interest should apply to the entire amount of the judgment. Thus, the Court will enter final judgment consistent with Carpenter's proposal.

In this *Stowers* case, the parties disputed whether Twin City was obligated to pay an underlying state court judgment from a suit between Carpenter and Twin City's insured. By an earlier Memorandum Opinion and Order, the Court denied Twin City's motion for summary judgment. Mem. Op. & Order, Mar. 4, 2024 [51]. In doing so, the Court concluded that Carpenter's interpretation of the insurance policy was reasonable. *See id.* Subsequently, Twin City admitted every element of *Stowers* liability except for one: scope of insurance coverage. Stipulation 2–3 [54]. Then, Carpenter moved for summary judgment on that issue, and the Court granted his motion. Mem. Op. & Order, Apr. 22, 2025 [67]. The Court then ordered the parties to submit a joint proposed final judgment, or if unable to agree, separate proposed final judgments. *Id.* The parties now dispute one

ORDER – PAGE 1

issue relevant to the final judgment: whether postjudgment interest should apply to the entire judgment amount.

Following the Court's order to confer over a proposed final judgment, Carpenter's counsel emailed Twin City's with a proposed judgment that included postjudgment interest on one line-item amount from the underlying judgment: appellate attorney's fees. *See* Def.'s Mot. Ex. 1 [70-1]. Twin City's counsel asked Carpenter's if he would be willing to drop the request for postjudgment interest on those appellate attorney's fees. *Id.* Ex. 2 [70-2]. Carpenter's counsel declined. *Id.* Then, there appears to have been no further communication between the parties until 7:00 P.M. on the day of the Court's submission deadline.

At 6:45 P.M. that day, having heard nothing from Twin City, Carpenter submitted his proposed final judgment which now requests postjudgment interest on all amounts in the underlying judgment, not just appellate attorney's fees. *See* Pl.'s Proposed Judgment [68]. Then, at 7:00 P.M., Twin City's counsel emailed Carpenter's and purported to accept Carpenter's "offer" to waive postjudgment interest on everything other than appellate attorney's fees. Def.'s Mot. Ex. 2. Twin City then submitted its proposed final judgment, which is identical to Carpenter's first draft, and which only awards postjudgment interest on the appellate attorney's fees. *Id.* Ex. 1.

Carpenter now argues that the postjudgment interest statute is not optional, and that the parties did not reach an agreement to waive interest on any amount of the judgment. Pl.'s Resp. 2 [71]. Twin City argues that Carpenter's offer to waive interest on everything

other than appellate attorney's fees was never withdrawn, Twin City accepted that offer, and therefore the Court should apply interest only to those fees.  Def.'s Mot 1.

Federal law governs the award of postjudgment interest in diversity cases.  *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 615 (5th Cir. 2015).  The relevant federal statute provides that postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  Awarding postjudgment interest is not discretionary.  *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010).  However, "the parties are free to stipulate to a different rate" than the statute provides.  *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1018 (5th Cir. 1987).

The Fifth Circuit is clear that this Court has no discretion, absent a stipulation, to vary the statutory award of postjudgment interest.  And despite Twin City's purported "acceptance" of Carpenter's "offer" to waive interest on everything other than appellate fees, it is clear that the parties here have not stipulated to any interest waiver.  In his proposed judgment and his response to Twin City's motion, Carpenter makes it clear that he does not agree to waive any postjudgment interest.  *See* Pl.'s Proposed Judgment 1; Pl.'s Resp. 2. And Twin City does not and cannot present any writing, signed by the parties, that would waive any postjudgment interest.  *See Salt & Light Energy Equip., LLC v. Origin Bancorp, Inc.*, 724 F. Supp. 3d 586, 597 (N.D. Tex. 2024) (stating that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record" under applicable Texas law).

Twin City also states, without supporting citation, that "Carpenter cannot recover an amount greater than the state court judgment in a *Stowers* case."  Def.'s Mot. 1.

ORDER – PAGE 3

However, this statement, even if correct, does not limit the application of the statutory postjudgment interest award here. As already stated, the statute is mandatory. And another district court in Texas, also in the context of a *Stowers* claim, considered the issue and affirmatively awarded postjudgment interest on the entire state court judgment. *See OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 2015 WL 926515, at *4 (S.D. Tex. 2015). This Court agrees with the *OneBeacon* court's conclusion that awarding postjudgment interest on the entire state court judgment in this context is consistent with the applicable federal statute.

## CONCLUSION

For these reasons, the Court agrees with Carpenter that he is entitled to postjudgment interest on the entire amount of the underlying judgment in this case. Accordingly, the Court will enter final judgment consistent with Carpenter's proposal.

Signed May 27, 2025.

David C. Godbey
Chief United States District Judge

ORDER – PAGE 4

Tab 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY W. CARPENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0769-N |
| | § | |
| TWIN CITY FIRE INSURANCE CO. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Twin City Fire Insurance Co.'s ("Twin City")
motion for summary judgment [20] on Plaintiff Jeff Carpenter's claim for *Stowers* liability.
Because Twin City is not entitled to judgment as a matter of law on the issue of coverage,
the Court denies this motion.

## I. ORIGINS OF THE MOTION

This case arises out of a *Stowers* claim[1] brought by Plaintiff Jeff Carpenter against
Defendant Twin City Fire Insurance Company. In a separate case, Carpenter sued his
employer for breach of contract. Pl.'s Original Petition at ¶ 2 [1-2]. Carpenter's employer
was selling the company that Carpenter worked for. *Id.* at ¶ 26. The sale would result in
the termination of Carpenter's position. *Id.* at ¶ 28. Carpenter alleged that his employer
promised to give him a percentage of the profits from the sale if he would stay on in his

---

[1] A *Stowers* claims arises when an insurer violates its duty to settle third-party claims against its
insureds when it would be reasonably prudent to accept the settlement. *In re Farmers Tex. Cnty.
Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021). The duty was first recognized in *G.A. Stowers
Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

MEMORANDUM OPINION AND ORDER – PAGE 1

position until the sale closed to help with the transition. *Id.* at ¶ 27. In the previous litigation, Carpenter alleged that once the sale occurred, his employer reneged on the agreement and did not compensate him. *Id.* at ¶ 30-32. Carpenter's employer was insured by Twin City. *Id.* at ¶ 17. Carpenter offered to settle his case against his employer within the limits of his employer's insurance policy with Twin City, but Twin City declined the settlement offer. *Id.* at ¶ 34–36. Carpenter prevailed at trial against his employer. Final Judgment, Pl.'s Appx. at 1732 [29]. The jury found that there was an agreement between the parties and that Carpenter's employer violated that agreement. Jury Verdict, Pl.'s Appx at 1712–13 [29]. The jury awarded damages that exceeded the limits of the insurance policy. Final Judgment, Pl.'s Appx. at 1735 [29]. This gave rise to the *Stowers* claim at issue in the present litigation. To help recover the judgment against Carpenter's employer, the court in that proceeding assigned the employer's *Stowers* claim to Carpenter via turnover order. Turnover Order, Def.'s Appx. at 29–31 [40]. Carpenter then initiated the present proceeding against Twin City, bringing the assigned *Stowers* claim as well as seeking punitive damages and injunctive relief. Twin City removed the case to federal court. Notice of Removal [1]. Twin City moved to dismiss Carpenter's claims for punitive damages and injunctive relief. Def.'s Motion to Dismiss [34]. The Court granted this motion. Order [50]. Twin City now moves for summary judgment on Carpenter's remaining claim for *Stowers* liability. Def.'s Motion [19].

## II. Legal Standard for Summary Judgment

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

MEMORANDUM OPINION AND ORDER – PAGE 2

FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have

MEMORANDUM OPINION AND ORDER – PAGE 3

submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d

521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus,*

*Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.   THE COURT DENIES SUMMARY JUDGMENT

To survive a motion for summary judgment, Twin City, as the movant, must show

that no genuine issue of material fact exists, and that the undisputed facts entitle him to

judgment as a matter of law.  The Court finds that Twin City has not shown that the law

requires judgment in his favor on the issue of coverage.  Twin City has not adequately

shown that the undisputed facts require a finding that Twin City owed no *Stowers* duty to

its insured to settle the original case with Carpenter within policy limits.  Accordingly,

Twin City is not entitled to summary judgment and its motion is denied.

### A.  Ambiguous Terms in Insurance Contracts
### Are Interpreted in Favor of the Insured

The parties disagree about the correct interpretation of the policy at issue in this

case.  The insurance policy states that Twin City "shall not pay Loss for any Claim for

employment termination severance payments."  Insurance Policy, Def.'s Appx. at 30 [21].

Twin City argues that the agreement between Carpenter and his employer that gave rise to

the underlying litigation was a severance agreement and was therefore not covered by the

policy.  Carpenter disagrees.  Pursuant to Texas law, the undefined provisions of the

insurance policy at issue in this litigation such as "severance agreement" and "back pay"

must be defined according to Carpenter's reasonable interpretation.

MEMORANDUM OPINION AND ORDER – PAGE 4

Under Texas law, the rules of construction for insurance policies generally operate in favor of the insured. *Lubbock Cnty Hosp. Dist. v. Nat'l Union Fire Ins. Co.*, 143 F.3d 239, 242 (5th Cir. 1998). A court must adopt the insured's construction of the provision, "as long as that construction is not unreasonable, even if the construction urged by the insurer appears more reasonable or a more accurate reflection of the parties' intent." *Lubbock Cnty Hosp.*, 143 F.3d at 242 (quoting *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991)). Exclusions from coverage in a policy "are narrowly construed, and all reasonable inferences must be drawn in the insured's favor." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 370 (5th Cir. 2008).

There are multiple reasonable interpretations of the policy provisions at issue. The policy says, "Other than Defense Costs, the Insurer shall not pay Loss for any Claim . . . for employment termination severance payments . . . ." Insurance Policy, Def.'s Appx. at 30 [21]. This can be read, as Twin City proposes, to exclude any payment paid out to an employee on termination of employment, usually as a reward or incentive for length of service. Def.'s Brief at 9–10 [20]. However, it can also be reasonably read, as Carpenter[2] proposes, to exclude only payments given in exchange for termination of employment, usually related to a waiver of claims and with the end of employment being the "trigger" for receiving the funds. Pl.'s Response at 33–34 [28]. The use of the phrase "employment termination" in front of "severance payments" further demonstrates the reasonableness of

---

[2] Although not actually insured by Twin City, Carpenter assumes the role of "the insured" for the purposes of this litigation because he is asserting the rights of the insured via turnover order.

MEMORANDUM OPINION AND ORDER – PAGE 5

Carpenter's interpretation. It is reasonable for the insured to read this phrase to mean that a severance payment is something that comes as the result of employment termination. Under this definition, the end of the employment, and not any other condition, is what prompts a severance payment. This is a reasonable reading of this exclusion because nothing in the same section or any adjoining section otherwise limits or defines "severance" in a way that makes this reading unreasonable or illogical.

Whether the insured's reading is the reading intended or understood by Twin City in drafting this policy, and whether this reading is the "most reasonable" possible reading, are irrelevant for the purpose of analyzing an insurance policy in Texas. Under Texas law, Carpenter's reasonable interpretation acts as the correct interpretation of the insurance policy. Accordingly, for the purposes of this order, a severance agreement is an agreement promising a monetary reward to an employee on the condition of that employee's termination. Using this definition, Twin City is not entitled to judgment as a matter of law that the agreement was for severance pay and thus was outside the scope of coverage.

### B. Twin City Is Not Entitled to Judgment As a Matter of Law on the Issue of Severance

Defining a severance payment as one that is made in exchange for an employee's termination, Twin City has not carried its burden to show that, as a matter of law, the payment owed to Carpenter is a severance payment and therefore outside the scope of coverage. While the parties have presented conflicting characterizations of the agreement, the facts surrounding the agreement are largely undisputed. Carpenter's employer promised Carpenter 3% of the money received by selling the company if he stayed with

MEMORANDUM OPINION AND ORDER – PAGE 6

the company until the sale was complete. Trial Transcript, Def.'s Appx. at 206–09 [21]; Dallas Ct. App. Opinion, Pl.'s Appx. at 97–99 [29]. The only issue left to resolve is whether the 3% figure is a severance payment. The agreement was for a payment to stay on and perform additional work, not a payment to leave the company. Twin City therefore has not carried its burden to show that as a matter of law the agreement at issue was a severance payment.

For the payment to be excluded from coverage, Twin City must show that as a matter of law the agreement was for a severance payment. To do this, Twin City must show that, applying the insured's reasonable definition of "severance" to the facts surrounding the agreement, the agreement between the parties must be a severance. Twin City has not carried this burden. The parties have used inconsistent terminology in reference to the agreement at issue. The same agreement has at varying times been called a "stay bonus," a "stay-to-get-severance program," and a "severance." Trial Transcript, Def.'s App 211, 223 [21]. However, what is important is not the terminology used by the parties but whether content of the agreement is consistent with a severance as defined by the insured. Under the reasonable interpretation of the insured, a severance payment is one that is given in exchange for the termination of an employee's employment. Because Carpenter had to perform additional work to receive the payment at issue, the payment was in exchange for something other than termination, and thus was not a severance payment.

The sale of the company would terminate Carpenter's position because there was already someone in his role at the acquiring company. Pl.'s Original Petition at ¶ 28 [1-2]. However, the mere fact that the sale terminated his position did not entitle Carpenter to

MEMORANDUM OPINION AND ORDER – PAGE 7

receive the agreed-upon payment.  The agreement between Carpenter and his employer required Carpenter to stay with the company and assist in the transition and sale.  Dallas Ct. App. Opinion, Pl.'s Appx. at 97–98 [29].  Because there is something other than termination given in exchange for the money offered to Carpenter, the payment was not a severance as a matter of law.  Additionally, Carpenter put forth evidence that it was not definitively known that he would not have a position after the sale until "some point while the sale was pending." *Id.* at 98–99.  This further demonstrates that the agreement was not a severance because, at the time Carpenter and his employer reached an agreement about the payment he was to receive, the parties did not yet know that Carpenter would be terminated.  Finally, although other courts have called agreements similar to the one at issue severance agreements, none of these courts mandate that every agreement of this kind be termed as a severance agreement. *See, e.g., Stout v. Smithfield Bioenergy, LLC*, 2020 WL 5487843 (N.D. Tex. 2010); *Goldman v. White Rose Distributing Co.*, 936 S.W.2d 707 (Tex. 1997).

The payment in question does not meet definition of "severance" as determined by Carpenter's reasonable interpretation of the policy because it was not predicated on the termination of Carpenter's employment.  Twin City has therefore not proven that the agreement is excluded from coverage as a matter of law.  Accordingly, Twin City is not entitled to summary judgment on the issue of coverage.

MEMORANDUM OPINION AND ORDER – PAGE 8

### C. Twin City Is Not Entitled to Judgment As a Matter
### of Law on the Issue of the Back Pay Exception

Twin City argues that even if the Court agrees with Carpenter that the payment was not a severance but was instead a bonus offered as an incentive to stay with the company, the payment is nonetheless excluded from coverage. Def.'s Brief at 13–14 [20]. The policy excludes coverage for certain types of payments, including salaries, wages, or bonuses. Insurance Policy, Def.'s Appx. at 28. However, the policy includes an exception to this exclusion for these types of payments if they are paid as "a component of a front or back pay award." *Id.* Carpenter argues that, although the money owed to him is a bonus, it is not excluded from coverage because it fits into the back pay exception. Pl.'s Response Brief at 44–45 [30]. Twin City argues that, as a matter of law, the money owed to Carpenter is not back pay. Def.'s Brief at 10–12 [20]. The Court holds that Twin City has not shown that as a matter of law the money owed to Carpenter does not constitute back pay.

Carpenter interprets "back pay" as compensation owed but not given for some kind of employment duty or performance. Def.'s Response at 45 [28]. This is a reasonable interpretation of an undefined term, so the Court will use Carpenter's interpretation of "back pay." Under this interpretation, to show that something is back pay a party must show he rendered a service but was not compensated. Carpenter has adequate facts to meet these requirements. Carpenter can show that he performed the requested work by staying at the company until the sale occurred to help with the transition. Dallas Ct. App. Opinion, Pl.'s Appx. at 99 [29]. Carpenter can also show that he was not compensated as promised for staying until the sale. Jury Verdict, Pl.'s Appx. at 1714. Twin City has not and cannot

MEMORANDUM OPINION AND ORDER – PAGE 9

rebut these facts. Accordingly, Twin City has not shown that as a matter of law the payment owed to Carpenter is not back pay. Therefore, even if the agreement between Carpenter and his employer was barred by the severance exclusion, it could still be covered under the back pay exception. Thus, Twin City has not shown that as a matter of law the underlying dispute was outside the scope of coverage.

## V. Conclusion

The ambiguous terms in the insurance policy must be interpreted in favor of the insured's reasonable understanding. Using Carpenter's reasonable interpretation of the term "severance agreement," Twin City has not shown that as a matter of law the agreement between Carpenter and his employer does not meet this definition. Likewise, Twin City has not shown as a matter of law that, if the agreement is a severance agreement, it cannot the back pay exception under Carpenter's reasonable interpretation of the term. Because Twin City has not shown as a matter of law that the agreement between Carpenter and his employer is not within the scope of the insurance coverage provided by Twin City, there is a remaining issue of fact as to whether Twin City violated its duties under *Stowers*, so Twin City is not entitled to judgment as a matter of law. Accordingly, the Court denies summary judgment.

Signed March 4, 2024.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY W. CARPENTER,                  §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        Civil Action No. 3:23-CV-00769-N
                                       §
TWIN CITY FIRE INSURANCE CO.,          §
                                       §
        Defendant.                     §

## MEMORANDUM OPINION AND ORDER

This Order addresses plaintiff Jeffrey W. Carpenter's motion for summary judgment

[55].  Because the Court concludes that Carpenter's claim is within the scope of coverage

under the applicable insurance policy, the Court grant's Carpenter's motion for summary

judgment.

### I. Origins of the Motion

This is a *Stowers* case.[1]  In a previous case, Carpenter prevailed at trial and secured

a judgment against his employer based on breach of a "pay to stay" agreement.  *See* Jury

Verdict, Pl.'s Appx. at 324–26 [57]; Pl.'s Br. 14 [56].  Defendant Twin City Fire Insurance

Co. ("Twin City") sold Carpenter's employer an employment practices insurance policy

that was in effect at the time Carpenter filed the underlying lawsuit.  *See* Pl.'s Appx. 64,

---

[1] A *Stowers* claim arises when an insurer violates its duty to settle third-party claims against its insureds when it would be reasonably prudent to accept the settlement.  *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021).  The duty was first recognized in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

MEMORANDUM OPINION AND ORDER – PAGE 1

67, 254 [57]; Def.'s Resp. Br. 1–2 [64].  During the underlying case, Carpenter offered to settle his claim within the policy limits, but Twin City declined the settlement offer. Stipulation 2–3 [54].  At trial, the jury found the employer breached its agreement with Carpenter and awarded him damages.  Jury Verdict, Pl.'s Appx. at 326–28.  The resulting judgment exceeded the limits of the insurance policy.  *See id.*; Stipulation 2–3.  The court in that proceeding then assigned the employer's *Stowers* claim to Carpenter, who initiated this case based on that claim.  *See* Pl.'s Appx. 26–28.

This Court previously denied Twin City's motion for summary judgment, finding that Carpenter's interpretation of the policy was reasonable.  Mem. Op. & Order, Mar. 4, 2024 [51].  Following that order, Twin City admitted to every element of *Stowers* liability except for one: whether liability for the underlying judgment is within the scope of the insurance policy.  Stipulation 2–3.  Carpenter now moves for summary judgment on this sole remaining element.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of

MEMORANDUM OPINION AND ORDER – PAGE 2

the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d

MEMORANDUM OPINION AND ORDER – PAGE 3

521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.  THE COURT GRANTS CARPENTER'S MOTION FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, Carpenter, as the movant, must show that no genuine issue of material fact exists, and that the undisputed facts entitle him to judgment as a matter of law.  The Court finds that Carpenter has shown he is entitled to judgment as a matter of law on the sole remaining issue for determining liability — scope of insurance coverage.  Accordingly, the Court grants Carpenter's motion for summary judgment.

Under Texas law, a court must adopt the insured's construction of an ambiguous policy provision, "as long as that construction is not unreasonable, even if the construction urged by the insurer appears more reasonable or a more accurate reflection of the parties' intent."  *Lubbock Cnty. Hosp. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 143 F.3d 239, 242 (5th Cir 1998) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991)).  Exclusions from coverage in a policy "are narrowly construed, and all reasonable inferences must be drawn in the insured's favor." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 370 (5th Cir. 2008) (citing *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs., Inc.*, 252 S.W.3d 450, 458 (Tex. App. — Houston [14th Dist.] 2008, pet. denied)).

Here, the parties dispute the interpretation of two provisions in the insurance policy.  First, the policy excludes from coverage "employment termination severance payments."  Pl.'s Appx. 89.  Second, the policy excludes from coverage payments for

MEMORANDUM OPINION AND ORDER – PAGE 4

"salaries, wages, or bonuses, except as a component of a front or back pay award." *Id.* at 87. Carpenter argues that these exceptions do not apply, and that therefore the underlying claim is within the scope of coverage. Pl.'s Br. 26, 33. The Court takes each argument in turn.

### A. Carpenter's Interpretation of "Severance" is Reasonable

First, the Court sees no reason to depart from its previous determination that the policy term "employment termination severance agreement" is ambiguous, and that Carpenter's interpretation is reasonable and therefore must be adopted by the Court. The policy states that "[o]ther than Defense Costs, the Insurer shall not pay Loss for any Claim . . . for employment termination severance payments." Pl.'s Appx. 89. This could be read, as Twin City proposes, to exclude any payment paid out to an employee on termination of employment, usually as a reward or incentive for length of service. *See* Def.'s Resp. Br. 13 [64]. However, it could also reasonably be read as Carpenter proposes — to exclude only payments given in exchange for termination of employment, usually related to a waiver of claims and with the end of employment being the key condition for receiving the funds. *See* Pl.'s Br. 33–35. The use of the phrase "employment termination" in front of "severance payments" further demonstrates the reasonableness of Carpenter's interpretation. It is reasonable for the insured to read this phrase to mean that a severance payment is something that comes as the result of employment termination. Under this definition, the end of the employment, and not any other condition, is what prompts a severance payment. This is a reasonable reading of this exclusion because nothing in the same section or any adjoining section otherwise limits or defines "severance" in a way that

MEMORANDUM OPINION AND ORDER – PAGE 5

makes this reading unreasonable or illogical. Thus, because there are multiple reasonable interpretations of this provision, the Court must adopt the insured's interpretation and apply it to the facts of this case.

Here, Carpenter has established that the agreement in his case was not an "employment termination severance payment" under the policy, entitling him to judgment as a matter of law on this point. The agreement between Carpenter and his employer required Carpenter to stay with the company and assist in the transition and sale. *See* Jury Verdict, Pl.'s Appx. at 324 (finding employer agreed to pay Carpenter "if [he] would stay as long as needed on [sic] to help make the asset sale happen"). Because there is something other than termination given in exchange for the money offered to Carpenter, the payment does not meet Carpenter's reasonable definition of "employment termination severance payment." The mere fact that the sale would terminate his employment was not enough on its own to entitle Carpenter to the agreed-upon payment. Additionally, Carpenter put forth evidence that it was not definitively known that his position would be terminated after the sale until "some point while the sale was pending." Dallas Ct. App. Opinion, Pl.'s Appx. 357. This further demonstrates that the agreement was not an "employment termination severance payment" because, at the time Carpenter and his employer reached an agreement about the payment he was to receive, the parties did not yet know that Carpenter would be terminated. Finally, although other courts have called similar agreements "severance," these characterizations in other cases are not determinative of the meaning of the specific policy and agreement at issue here. *See, e.g., Stout v. Smithfield Bioenergy, LLC*, 2010 WL

MEMORANDUM OPINION AND ORDER – PAGE 6

5487843 (N.D. Tex. 2010); *Goldman v. White Rose Distributing Co.*, 936 S.W.2d 393 (Tex. App. — Fort Worth 1996, writ granted w.r.m.).

Applying Carpenter's reasonable interpretation of the ambiguous "employment termination severance payment" provision, the Court concludes that as a matter of law, Carpenter's claim is not for an "employment termination severance payment" and not excluded from coverage on that basis.

### B. Carpenter's Interpretation of "Back Pay" is Reasonable

Next, the Court sees no reason to depart from its previous determination that the policy's term excluding payments for salary or bonuses "except as a component of a . . . back pay award" is ambiguous, and that Carpenter's interpretation is reasonable and must therefore be adopted by the Court. The policy pays for "Loss" incurred by the insureds. Pl.'s Appx. 85. But the policy definition of "Loss" states that "Loss shall not include . . . salaries, wages, or bonuses, except as a component of a front or back pay award." *Id.* at 87. The policy does not define front or back pay. In this context, "back pay" could be interpreted as Twin City proposes — limited only to the specific equitable remedy available in certain wrongful-termination or employment-discrimination cases. *See* Def.'s Resp. Br. 21. But it could also be reasonably interpreted as Carpenter proposes — owed but unpaid compensation for past performance. *See* Pl.'s Br. 27. Indeed, Twin City knew how to use policy language that would limit a provision to wrongful termination situations; it used similar language for a different policy exclusion. *See* Pl.'s Appx. 89 (excluding payments for benefits, "provided that this exclusion shall not apply to any Employment Practices Claim for wrongful termination, dismissal or discharge of employment."). Thus, because

MEMORANDUM OPINION AND ORDER – PAGE 7

there are multiple reasonable interpretations of this provision, the Court must adopt the insured's interpretation and apply it to the facts of this case.

Here, Carpenter has established that he rendered a distinct past performance and was not paid for it. Carpenter can show that he engaged in a distinct past performance by staying at the company until the sale occurred, to help with the transition. *See* Jury Verdict, Pl.'s Appx. at 324 (finding employer agreed to pay Carpenter "if [he] would stay as long as needed on to help make the asset sale happen"); Dallas Ct. App. Opinion, Pl.'s Appx. at 359–360 (noting Carpenter was told he "would be involved in the due diligence and communication between the teams once a buyer was selected"). Carpenter can also show that he was not compensated as promised for staying until the sale. *See* Jury Verdict, Pl.'s Appx. at 326 (finding employer failed to comply with agreement). Twin City has not and cannot rebut these facts. Accordingly, Carpenter has shown that, as a matter of law, the payment he is owed is back pay under the policy.

## CONCLUSION

Whether Carpenter's reading is the reading intended or understood by Twin City in drafting this policy and whether this reading is the "most reasonable" possible reading are irrelevant for the purpose of analyzing this insurance policy. Under Texas law, Carpenter's reasonable interpretation is the correct interpretation and must be adopted by the Court. And under Carpenter's reading, the undisputed facts show that his claimed payment is within the scope of coverage. The Court accordingly grants Carpenter's motion for summary judgment. In accordance with their stipulation, the parties are ordered to submit a joint proposed final judgment within twenty-one (21) days of this Order. If the parties

MEMORANDUM OPINION AND ORDER – PAGE 8

cannot agree on the form of a final judgment, they should each submit a proposal by this same deadline.

Signed April 22, 2025.

David C. Godbey
Chief United States District Judge