

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.

### ATTORNEYS AT LAW

**STEVEN J. KNIGHT**
SHAREHOLDER
DIRECT: 713.654.9603
STEVEN.KNIGHT@CHAMBERLAINLAW.COM

1200 SMITH STREET, SUITE 1400
HOUSTON, TEXAS 77002
713.658.1818     800.342.5829
FAX: 713.658.2553

HOUSTON
ATLANTA
PHILADELPHIA
SAN ANTONIO

August 1, 2026

Lyle W. Cay
U.S. Court of Appeals
For The Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

Re:     *Carpenter v. Twin City Fire Insurance Company*, Cause No. 25-10679

Dear Mr. Cay,

Two pertinent and significant authorities have come to Twin City's counsel's attention for the first time on July 30, 2026, during preparation for oral argument. Twin City thus brings these authorities to the Court's attention pursuant to Rule 28(j) of the Federal Rule of Appellate Procedure.

The authorities are: *Peder v. Scottsdale Indemnity Company*, No. 2:17-CV-1868, 2019 WL 3733388, at *6 (W.D. Wash. Sept. 8, 2019) (construing an EPLI policy's "Loss" definition and holding, "to interpret back pay as 'payment that is in arrears, not current, or overdue' . . . would render the exclusion of 'any amount owed as wages' meaningless."), and *California Dairies Inc. v. RSUI Indemnity Co.*, 617 F.Supp.2d 1023, 1036, n.6 (E.D. Cal. 2009) (construing a similar "Loss" definition and rejecting the argument that a claim for wages is a claim for "back pay"— "[t]he terms 'front' and 'back' pay are terms of art commonly used in the context of discrimination claims. . ."). These cases support the arguments Twin City directly raised and extensively briefed in its opening brief (at pages 22-38) and reply brief (at pages 2-17).

On July 31, 2026, Twin City requested leave to file a "supplemental brief" to bring these cases to the attention of the Court and opposing counsel, but the motion was denied. In hindsight, these authorities, perhaps, should have been cited in a letter under Rule 28(j), which appears more applicable to this situation.

Sincerely,

*/s/ Steven J. Knight*

STEVEN J. KNIGHT

August 1, 2026
Page 2

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to counsel of record by electronic service on August 1, 2026.

*/s/ Steven J. Knight*
STEVEN J. KNIGHT

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitation from Rule 26(j) because it contains 241 words.

*/s/ Steven J. Knight*
STEVEN J. KNIGHT

## VERIFICATION

I verify that the authorities referenced in this letter came to my attention for the first time on July 30, 2026, while preparing for oral argument.

*/s/ Steven J. Knight*
STEVEN J. KNIGHT

35382616.v1